**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re: **Barry Alan Hersh,** : Case No. 1-12-46510-cec

Chapter 7

Debtor.

---------------------------------------------------------------x

**Barry Alan Hersh,**

Plaintiff

-against-

Adv. Proc. No. 15-01095-cec

**U.S. Department of Education, Great Lakes Higher Education Corporation, Educational Credit Management Corporation, Firstmark Services, LLC, and College Loan Corporation**

Defendant(s)/Creditor(s)

---------------------------------------------------------------x

## AMENDED COMPLAINT

**Barry Alan Hersh,** ("Plaintiff"), by and through his counsel, Pillsbury Winthrop Shaw Pittman LLP, against the ("Defendants") **U.S. Department of Education, Great Lakes Higher Education Corporation, Educational Credit Management Corporation, Firstmark Services, LLC, and College Loan Corporation**, hereby files this amended complaint (the "Amended Complaint") respectfully requesting a hardship discharge pursuant to section 523(a)(8)(B) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") as follows:

## NATURE OF THIS ACTION

1. This is an adversary proceeding to obtain an undue hardship discharge of Plaintiff's student loan debt pursuant to section 523(a)(8) of title 11 of the United States Code (the Bankruptcy Code").

## JURISDICTION

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2) and Rule 7001 (6) of the Federal Rules of Bankruptcy Procedure.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

5. Plaintiff is a resident of the state of New York and a debtor in a Chapter 7 bankruptcy case (the "Chapter 7 Case") before this court [Case No. 1-12-46510- cec].

6. The **U.S. Department of Education ("DOE")** is an executive department of the government of the United States, established pursuant to the Department of Education Organization Act, Pub. L. No. 96-88, 93 Stat. 668 (1979). Rule 7004(b)(4) and (5) of the Federal Rules of Bankruptcy Procedure permits service upon the DOE to be effected by service upon (i) the U.S. Department of Education, 400 Maryland Avenue, SW, Washington, DC 20202, (ii) the Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530-0001, and (iii) the United States Attorney's Office for the Eastern District of New York, the Civil Process Clerk, 271 Cadman Plaza East, Brooklyn New York 11201.

7. **Great Lakes Higher Education Corporation** is a Wisconsin corporation with its headquarters at 2401 International Lane, Madison, WI 53704.

8. **Educational Credit Management Corporation** ("ECMC") is a non-profit Minnesota corporation, with its headquarters at 111 South Washington Avenue, Suite 1400, Minneapolis, Minnesota, 55401.

9. **Firstmark Services, LLC** ("Firstmark") is a Nebraska company, with is headquarters at 2101 Wooddale Drive, Saint Paul, Minnesota, 55125-2989, and is a successor servicer to ACS Educational Services with respect to the College Loan Corporation loan described below.

10. **College Loan Corporation** is a Nevada Corporation, with its headquarters at 10100 West Charleston Boulevard Suite 130, Las Vegas, NV, 89135.

**BACKGROUND**

11. Plaintiff's work experience is as follows: Plaintiff has been unemployed since August 2010, with the exception of two short-term employments (three and two months, respectively, in 2012) as a Para-Transit and Limousine driver. Prior to August 2010, Plaintiff was a teacher with the NYC Dept of Education, from 2000 to 2010, and prior had been gainfully employed full-time in other industries.

12. Plaintiff's educational history is as follows: (a) CUNY-Brooklyn College, 2006-2008. Master of Education, Middle School Science (incomplete), 30 credits in Middle School education and science coursework; (b) SUNY College at Oneonta, 1977-1981, Bachelor of Science (MS) in Business/Economics.

13. Plaintiff's medical history is as follows: Plaintiff has been diagnosed with depression and anxiety disorder. He is currently under treatment for same, and has been so since 2010. His treatment includes regularly scheduled psychotherapy sessions and the prescription of psychotropic medication(s).

14. Plaintiff's current situation is as follows: Plaintiff's mental condition is causing him great pain and anguish, a complete lack of self-esteem and confidence, which in turn has rendered his search for employment unsuccessful. Plaintiff has exhausted all of his savings, including IRA and Teachers Retirement System accounts. Plaintiff has no cash, owns no real estate, and is subsisting due to the generosity of his maternal aunt, with whom he lives.

15. Plaintiff's student loan debt consists of five PLUS loans ("PLUS Loans") and a student loan obtained from College Loan Corporation, serviced by Firstmark (the "Firstmark Loan"), all originated between 2006 and 2010. As of September 10, 2012 (the date on which Plaintiff filed his bankruptcy petition), Plaintiff had the following outstanding balances: (1) the DOE PLUS Loans, serviced by Great Lakes Higher Education Corporation, had outstanding balances of $1,530.04, $6,016.52, and $4,572.65; (2) the ECMC PLUS Loans had outstanding balances of $17,931.19, and $5,207.43; and (3) the Firstmark Loan had an outstanding balance of $4,103.32. Therefore, Plaintiff's total student loan debt, as of September 10, 2012, was **$39,425.50**. Plaintiff began repayment of the loans in January 2007, staying current with payments until October 2010, after losing his teaching position.

**CAUSE OF ACTION**

16. Plaintiff believes he has pertinent grounds to request relief from the court due to numerous circumstances, which are: (1) that Plaintiff stayed current with payments beginning January 2007 through October 2010, and had full intent to repay the loans in full, until his employment and medical conditions changed radically, (2) that Plaintiff made a good faith effort to continue payments, when able, by applying for and being granted unemployment deferments and forbearances, (3) the unlikelihood of Plaintiff finding gainful employment in the near future, under his current mental and emotional conditions, (4) the further unlikelihood of Plaintiff, age 56, of finding employment in any capacity approaching his past endeavors, and earning potential, (5) the overwhelming burden of monthly and long-term payments, to satisfy the loans, would effectually nullify any potential for Plaintiff to regain any semblance of quality of life, even if he were able to find employment in a diminished capacity.

**PRAYER FOR RELIEF**

17. WHEREFORE, Plaintiff respectfully requests this court grant his request for undue hardship discharge of his student loan debt pursuant to section 523(a)(8) of title 11 of the United States Code.

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: ______________________

Leo T. Crowley
Amanda H. Freyre
1540 Broadway
New York, NY 10036-4039
(212) 858-1683 (Phone)
(212) 858-1500 (Fax)
amanda.freyre@pillsburylaw.com

*Counsel for Barry Alan Hersh*